IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONNIE LEE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00739 |
| | ) Judge Aleta A. Trauger |
| FREEDOM MORTGAGE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | |

## MEMORANDUM AND ORDER

Before the court are plaintiff Ronnie Lee Carter's timely Objections (Doc. No. 63) and Memorandum in Support of Objections (Doc. No. 64) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 60). In the R&R, the Magistrate Judge recommends that:

(1) the Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. No. 5) filed by defendant Freedom Mortgage Corporation ("Freedom") and addressed to the plaintiff's original Complaint, be denied as moot, in light of the plaintiff's filing of an Amended Complaint;

(2) Freedom's Motion to Vacate Default Judgment of State Court and to Enjoin Any Further Proceedings in State Court (Doc. No. 9) be granted in part and denied in part;

(3) Carter's Motion to Remand to State Court (Doc. No. 18) be denied;

(4) Freedom's Motion to Dismiss Amended Complaint (Doc. No. 22) be granted;

(5) Carter's Motion for Leave to Re-Plead, Amend and Supplement Amended Complaint (Doc. No. 29) be denied; and

(6) Carter's Amended & Re-filed Motion for Summary Judgment (Doc. No. 38) be denied.

Freedom has filed a Response to the Objections. (Doc. No. 66.) For the reasons set forth herein, the plaintiff's Objections are **OVERRULED**, and the recommendations in the R&R are **ACCEPTED**.

I.  STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The court's review of a non-dispositive pretrial ruling is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "A finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For purposes of this standard, a legal conclusion is contrary to law if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

District judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge).

In addition, while the court has the discretion to consider new evidence, "that discretion must be exercised sparingly." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008); *see also Blackwell v. McCord*, No. 3:13-CV-0739, 2016 WL 3444502, at *1 (M.D. Tenn. June 23, 2016) (Trauger, J.) ("It is not in the interest of justice to allow a party to wait until the Report and Recommendation . . . has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998))).

## II. MOTION TO DISMISS ORIGINAL COMPLAINT

Neither party raises any objection to the Magistrate Judge's recommendation that the Motion to Dismiss directed to the original Complaint be found moot, in light of the subsequent filing of an Amended Complaint. The court discerns no basis for rejecting the recommendation. Accordingly, Freedom's Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. No. 5) is hereby **DENIED AS MOOT**.

## III. FREEDOM'S MOTION TO VACATE STATE COURT DEFAULT JUDGMENT AND TO ENJOIN ANY PROCEEDINGS IN STATE COURT

As the Magistrate Judge observed, Carter initiated this action on September 2, 2022, by filing a *pro se* complaint against Freedom in the General Sessions Court of Rutherford County,

Tennessee, alleging that Freedom had violated the Fair Debt Collection Practices Act ("FDCPA"), a federal statute. (Doc. No. 1-1.) Freedom filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446 in this court on September 20, 2022 (Doc. No. 1) and a Notice of Removal in the General Sessions Court on September 22, 2022 (Doc. Nos. 10-2, 10-5), based on federal question jurisdiction. The General Sessions Court entered default judgment against Freedom on September 23, 2022, after counsel for Freedom failed to appear for a hearing on that date. (Doc. Nos. 10-1, 10-2.) This court found removal proper on September 29, 2022. (Doc. No. 8.) Freedom asks the court to vacate a default judgment against it entered by the General Sessions Court on September 23, 2022, and to enjoin any further proceedings in this action in that court under the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 9.)

The Magistrate Judge concludes that the entry of a default judgment by the General Sessions Court after it had been completely divested of jurisdiction over this action was improper and absolutely void and, therefore, recommends granting the motion to vacate that judgment. She recommends denying that part of Freedom's motion seeking to enjoin the state court from further action under the All Writs Act.

Carter's only objection to this recommendation is based on his assertion that the removal was "frivolous" and that the case should be remanded to the state court. (Doc. No. 63, at 3.) He does not actually address the General Sessions Court's jurisdiction to enter a judgment following proper removal, and his assertion that the removal was frivolous is simply incorrect, as discussed further in addressing his Motion to Remand. Carter's objection is **OVERRULED**.

Neither party objects to the Magistrate Judge's recommendation that that portion of Freedom's motion requesting an injunction against the state court be denied. The motion (Doc. No. 9) is **GRANTED**, insofar as it seeks to vacate the state court's default judgment, and

**DENIED**, insofar as it asks this court to enjoin further proceedings in the state court.

### IV. CARTER'S MOTION TO REMAND TO STATE COURT

Carter moves to remand to state court on the grounds that Tennessee law is "essential" to proving his case. (Doc. No. 19, at 2.) The Magistrate Judge recommends denying the Motion to Remand on the basis that Carter clearly states claims based on federal statutes—the FDCPA and the Truth in Lending Act ("TILA"). Claims under federal statutes create federal-question jurisdiction. 28 U.S.C. §§ 1331, 1441(a). The presence of state-law questions or causes of action, over which the court has supplemental jurisdiction, 28 U.S.C. § 1367(a), does not divest the court of federal question jurisdiction.

Carter objects to this recommendation, arguing that "a federal question does not preclude the State Court from having jurisdiction." (Doc. No. 63, at 3.) He is right as far as that goes, but the presence of the federal question in the original Complaint—his assertion that Freedom violated the FDCPA—gave the defendant the ability to remove the case to federal court 28 U.S.C. § 1441(a). The cases referenced in Carter's Memoranda in support of his Motion to Remand and in support of his Objections are simply irrelevant, as they have no application to the facts at issue in this case. Carter offers no legitimate basis for remand, and his objection to the recommendation that the Motion to Remand be denied is **OVERRULED**. The Motion to Remand (Doc. No. 18) is **DENIED**.

### V. CARTER'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Carter filed his Motion for Leave to Re-Plead, Amend and Supplement Amended Complaint (Doc. No. 29), but he did not file a proposed amended pleading with that motion, in dereliction of Local Rule 15.01(a)(1). The Magistrate Judge recommends that the motion be denied on the basis that, in the absence of a proposed amended pleading, she could not consider the motion

for leave to amend with specificity. (Doc. No. 60, at 7.) In his Objections, Carter does not dispute that he failed to comply with the Local Rule and omitted to file a proposed Second Amended Complaint with his motion. He states only that he intends to file the "required documents" and requests that the court defer disposition pending that submission. (Doc. No. 63, at 4.)[1]

The court finds that the Magistrate Judge properly exercised her discretion in recommending that the motion, as originally filed, be denied. The plaintiffs' objections are **OVERRULED**, and the plaintiff's Motion for Leave to Re-Plead, Amend and Supplement Amended Complaint (Doc. No. 29) is **DENIED**.

## VI. FREEDOM'S MOTION TO DISMISS AMENDED COMPLAINT

The Amended Complaint (Doc. No. 15), deemed to incorporate the Memorandum attached thereto (Doc. No. 16), sets forth claims under the FDCPA, TILA, and state laws pertaining to negotiable instruments and partial assignment of instruments. The Magistrate Judge carefully considered the allegations in the Amended Complaint and Memorandum, taking into consideration the documents attached to the plaintiff's filing, and concluded that the allegations viewed in the light most favorable to the plaintiff failed to state a claim for which relief could be granted under any of the referenced statutes. She therefore recommends that the Amended Complaint be dismissed under Rule 12(b)(6) for failure to state a claim for which relief may be granted.

Carter raises a host of Objections that, although they are not expressly addressed to the recommendation that the Motion to Dismiss be granted, the court construes as objections to that recommendation. He contends that the Magistrate Judge omitted certain facts from her factual summary, but he does not show how these facts would have changed the analysis of his claims. He argues that the Magistrate Judge failed to consider Freedom's standing, but Freedom's

---

[1] As set forth below, he has now done so. (Doc. No. 67.)

"standing" with respect to the plaintiff's mortgage is completely irrelevant to the question of whether the *plaintiff* has stated colorable claims against Freedom under any of the identified statutory schemes. And he claims that the Magistrate Judge erroneously found, as a factual matter, that the plaintiff failed to allege that Freedom treated his loan as defaulted—but the exhibits to which he points (letters drafted by Carter himself) do not reasonably give rise to an inference that Freedom treated his loan as in default "at the time of the acquisition." *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 362 (6th Cir. 2012).

The plaintiff also complains about the *effect* of the Sixth Circuit's holding in *Bridge*: "Carter objects that, as interpreted, the [*Bridge*] case leaves a protection gap for consumers under the FDCPA." (Doc. No. 63, at 8.) In other words, he is complaining that the Sixth Circuit's holding leads to the conclusion that he does not have a valid claim under the FDCPA. He does not contend, however, that the Magistrate Judge misunderstood or misapplied *Bridge*, and his disagreement with that holding does not constitute a viable basis for objecting to the Magistrate Judge's recommendation based on that holding.

Finally, Carter raises a new objection, one not presented to the Magistrate Judge: that the Magistrate Judge failed to take into account that Carter was under a short deadline for amending and filing his pleading. (Doc. No. 63, at 9.) He has never previously raised this argument, and the court cannot find that the Amended Complaint, with its eight-page memorandum and nearly one hundred pages of exhibits, failed because it lacked sufficient specificity. To the contrary, the plaintiff's factual allegations succeeded in establishing that the factual circumstances, as alleged, do not give rise to viable claims under the FDCPA or the TILA.

The court has considered the record and the parties' arguments *de novo*, and finds that the Magistrate Judge correctly stated the relevant facts and the applicable law. The plaintiff has not

raised any viable objections to the findings of fact or conclusions of law in the R&R. The plaintiff's objections are **OVERRULED**, and the Motion to Dismiss Amended Complaint (Doc. No. 22) is **GRANTED**.

## VII. CARTER'S AMENDED & RE-FILED MOTION FOR SUMMARY JUDGMENT

The Magistrate Judge recommends that Carter's amended and refiled Motion for Summary Judgment be denied as moot, on the grounds that the Amended Complaint fails to state a claim for which relief may be granted. Several of the plaintiff's miscellaneous objections are directed toward the Magistrate Judge's treatment of exhibits submitted by Freedom in support of its opposition to the plaintiff's Motion for Summary Judgment, but the Magistrate Judge never considered the substance of the plaintiff's motion, or the defendant's response, since she found the motion to be moot. This objection, therefore, is completely beside the point.

In short, the court **OVERRULES** the plaintiff's Objections and **DENIES AS MOOT** the Motion for Summary Judgment (Doc. No. 38).

## VIII. CONCLUSION

As set forth herein, the plaintiff's objections are **OVERRULED**, and the R&R is **ACCEPTED AND ADOPTED** in its entirety. To reiterate:

(1) the Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. No. 5) filed by defendant Freedom Mortgage Corporation ("Freedom") is **DENIED AS MOOT**.

(2) Freedom's Motion to Vacate Default Judgment of State Court and to Enjoin Any Further Proceedings in State Court (Doc. No. 9) is **GRANTED**, insofar as it seeks to vacate the state court's default judgment, and **DENIED**, insofar as it requests an injunction barring further proceedings in the state court under the All Writs Act. The State Court default judgment entered against Freedom is hereby **VACATED**.

(3) Carter's Motion to Remand to State Court (Doc. No. 18) is **DENIED**.

(4) Freedom's Motion to Dismiss Amended Complaint (Doc. No. 22) is **GRANTED**.

(5) Carter's Motion for Leave to Re-Plead, Amend and Supplement Amended Complaint (Doc. No. 29) is **DENIED**.

(6) Carter's Amended & Re-filed Motion for Summary Judgment (Doc. No. 38) is **DENIED AS MOOT**.

Despite dismissal of the Amended Complaint, the court declines to dismiss this action in its entirety at this time, in light of the fact that, following the filing of his Objections, the plaintiff filed his anticipated Second Motion for Leave to Re-Plead, Amend and Supplement the Third Amended Complaint [sic] (Doc. No. 67), along with his proposed Third Amended Complaint (Doc. No. 67-1) and almost 250 pages of exhibits. This motion will be for the Magistrate Judge, to whom this case is returned for further handling under the original referral order.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge